# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, BRIDGET C. THOMAS, being duly sworn, hereby depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent employed by the Federal Bureau of Investigation (FBI), United States Department of Justice, and assigned to the Crimes Against Children Unit of the FBI's Washington Field Office. I have been so employed since 2002. As part of my daily duties as an FBI agent I investigate criminal violations relating to child sexual exploitation, including, child prostitution. I have received training concerning the commercial sexual exploitation of children and have served as an instructor at the National Center for Missing and Exploited Children's Protecting Child Victims of Prostitution Seminar.

2.  As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

## FACTS AND CIRCUMSTANCES

3.  This Affidavit is made in support of an application for a search warrant for information found within the stored contents of three cellular phones (the "SUBJECT PHONES") owned by Jaron Brice and seized incident to his May 17, 2005, arrest. Each of these three phones is currently in my custody at the Washington Field Office of the FBI and are identified as follows:

    a)  a Black Nextel i205 "Boost" Mobile Cell Phone, Model #: H75XAH6RR3AN, FCCID #: AZ489FT5827, Telephone # (202) 350-7312 ("Subject Phone A");

    b)  a Black Motorola i205 Phone, featuring the Direct Connect/Two-Way Radio function, Model #: H62XAH6RR1AN, FCCID #: AZ489FT5822, SN# 364YEG3HRL ("Subject Phone B"); and

    c)  a Grey Samsung Digital Dual Band Camera Cell Phone, Model # SCH-A670 FCC ID: A3LSCHA670 ("Subject Phone C").

The information to be searched is further described in Attachment A hereto.

4.  The purpose of this application is to seize evidence of violations of 18 U.S.C. § 2421, which makes it a Federal offense for anyone to knowingly transport another individual in interstate commerce, with intent that such individual engage in prostitution; 18 U.S.C. § 2423(a),

which makes it a Federal offense for anyone to transport a person under the age of eighteen across state lines with the intent that such person engage in prostitution; 18 U.S.C. § 1591, which makes it a Federal offense for anyone to recruit, entice, harbor, transport, provide, or obtain a person, in or affecting interstate commerce, either while knowing that force, fraud, or coercion would be used to cause such person to engage in a commercial sex act, or while knowing that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and D.C.C. § 22-3008, which makes it a crime for any person to engage in a sexual act with a child or cause that child to engage in a sexual act.

5. I am familiar with the information contained in this Affidavit based upon the investigation I have conducted, my training and experience, and my conversations and discussions with other law enforcement officers who have also engaged in numerous investigations involving child prostitution.

6. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. § 2421, 18 U.S.C. § 2423(a), 18 U.S.C. § 1591 and D.C.C. § 22-3008 are located within the electronically stored contents of the SUBJECT PHONES. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

7. Based upon my own knowledge, experience, and training in child sexual exploitation and child prostitution investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the child prostitution trade:

> Those who sexually exploit children and others for profit, known as "pimps," typically purchase and utilize cellular phones as their primary means of communicating with the prostitutes who work for them. All modern cell phones contain call management features such as the "call log" for tracking call histories and the electronic phone book for storing names and phone numbers. Pimps use the electronic phone book (a.k.a. "Address book" or "Contacts") function to store the telephone numbers of prostitutes, other pimps, and customers. Pimps also make use of the Direct Connect/Two-Way Radio function available on certain cell phones, often referred to as the "Push to Talk" or "Walkie-Talkie" function, to maintain easy contact with prostitutes who work for them.

8.      As a result of the instant investigation, described more fully below, there is probable cause to believe that evidence, fruits, and instrumentalities of violations of Federal law, including 18 U.S.C. §§ 2421, 2423(a) and 1591, and District of Columbia law, specifically D.C.C. 22-3008 are present in the contents of each of the three phones.

## INVESTIGATION

9.      In late August of 2004, I learned that a 14-year-old girl ("Jane Doe #1") had run away from her home in the suburban Metro DC area. In early September 2004, I interviewed a member of Jane Doe #1's family and was informed that the child had left home with an adult male named Jaron Brice ("Brice") who was believed to be prostituting the child in the District of Columbia and Maryland.

10.     In late October 2004, Jane Doe #1 was arrested in the District of Columbia for solicitation for prostitution. Subsequently, Jane Doe #1 returned home and agreed to cooperate with the Government's investigation. She told me that her date of birth is February 27, 1990, and that in approximately March of 2004 she met Brice through a juvenile friend who was working for him as a prostitute. Shortly thereafter, Brice arranged for Jane Doe #1 to prostitute herself for him and he became her pimp. Jane Doe #1 worked as a prostitute for Jaron Brice on the streets of Washington, D.C., Maryland, and New York, New York from March 2004 through October 2004. Jane Doe #1 gave Brice all of the money she made for engaging in prostitution.

11.     Jane Doe #1 told me that while working as a prostitute for Brice, she lived with Brice and other prostitutes at various motels from March 2004 through October 2004. During the period between March 2004 and October 2004, Brice had sexual intercourse and engaged in sexual acts with Jane Doe #1 on numerous occasions. Jane Doe #1 also told me that at some point she became Brice's "bottom," which means that she recruited other females for Brice to prostitute and also supervised the activities of the other prostitutes. In approximately October 2004, shortly before she was arrested, Jane Doe #1 recruited a 19-year-old female to work for Jaron Brice ("Jane Doe #2").

12.     Jane Doe #1 informed me that at some point during the time that she worked for him, Brice gave Jane Doe #1 a cell phone that she used to maintain contact with him.
Jane Doe #1 informed me that during the time that she worked for Brice, he purchased numerous pre-paid cell phones to conduct his business as a pimp and to maintain contact with his prostitutes, customers and other pimps. Although Brice used several phones and often purchased pre-paid cell phones, Jane Doe #1 explained that the primary cell phone used by Brice in the course of his work as a pimp was a Black Nextel phone that had the telephone number (202) 350-7312.

13.     In approximately January of 2005, I sent an administrative subpoena to Nextel Communications requesting the Subscriber Information for telephone number (202) 350-7312. In response to that subpoena, Nextel provided me with subscriber information verifying that

3

since May 16, 2004, (202) 350-7312 belonged to an account owned by Jaron Brice. Moreover, toll records provided by Nextel showed that on numerous occasions, Brice called Jane Doe #1 at her home from the (202) 350-7312 telephone number after Jane Doe #1 was arrested and had returned to her home.

14. On March 30, 2005, I obtained an arrest warrant for Jaron Brice for violation of D.C.C. § 22-3008. On May 17, 2005, Jaron Brice was located by the U.S. Marshall's Service and arrested in a motel located in a known high prostitution area in Miami, Florida. Jane Doe #2 was with Brice at the time of his arrest. In the hotel room that had been rented and paid for by Jaron Brice and where only he and Jane Doe #2 were staying, various articles were located which are indicative of the prostitution trade. Among these articles were: wigs, high heeled shoes, and unopened condoms. The SUBJECT PHONES were also recovered from the hotel room.

15. Jane Doe #2 agreed to cooperate with the Government's investigation. She corroborated many of the material representations made by Jane Doe #1. Jane Doe #2 told me that she worked as a prostitute for Brice during the period from approximately October 2004 through Brice's arrest in Miami, Florida, on May 17, 2005. She was recruited by Jane Doe #1. Jane Doe #2 became Brice's "bottom" after Jane Doe #1 was arrested for prostitution in October 2004. Shortly after she began working for Brice, he gave Jane Doe #2 a black Motorola cell phone that she had seen Jane Doe #1 use on numerous occasions to maintain contact with Jaron Brice. Jane Doe #2 used the "push to talk" function of this phone in the course of her work as a prostitute to call Brice and to keep him informed regarding when she arrived on prostitution "date" whether there were any complications with the "date," and when she had completed the "date" and received payment for the "date."

16. Jane Doe #2 told me that in furtherance of his work as a pimp, Brice purchased numerous pre-paid phones. Although he used several phones, Jane Doe #2 explained that Brice's main cell phone was a black Nextel cell phone associated with the telephone number (202) 350-7312. Jane Doe #2 explained that Brice used this telephone to conduct his business as a pimp and to maintain contact with his prostitutes, other pimps and customers. He also used the address book function on this phone and gave the telephone number to clients so they could call him to arrange dates with his prostitutes.

17. Jane Doe #2 told me that she is familiar with the SUBJECT PHONES seized incident to Brice's arrest on May 17, 2005. Further, she told me that the SUBJECT PHONES where being used by Brice in furtherance of his work as a pimp. She explained that Subject Phone A is the black Nextel phone that she described as Brice's main cell phone. Subsequently, I used another phone to dial the number (202) 350-7312 and Subject Phone A rang in response to the call. Jane Doe #2 also told me that Subject Phone B is the black Motorola cell phone given first to Jane Doe #1 and then to Jane Doe #2 by Brice in furtherance of their work as prostitutes. She also said that Subject Phone C is a cell phone that Brice used in the course of his work as a pimp for its camera and address book functions.

**CONCLUSION**

18.     Based on the above information, there is probable cause to believe that 18 U.S.C. § 2421, 18 U.S.C. § 2423(a), 18 U.S.C. § 1591, and D.C.C. § 22-3008 have been violated and that the following items are property that constitutes evidence of the commission of a criminal offense:

   a)   a Black Nextel i205 "Boost" Mobile Cell Phone, Model #: H75XAH6RR3AN, FCCID #: AZ489FT5827, Telephone # (202) 350-7312 ("Subject Phone A");

   b)   a Black Motorola i205 Phone, featuring the Direct Connect/Two-Way Radio function, Model #: H62XAH6RR1AN, FCCID #: AZ489FT5822, SN# 364YEG3HRL ("Subject Phone B"); and

   c)   a Grey Samsung Digital Dual Band Camera Cell Phone, Model # SCH-A670 FCC ID: A3LSCHA670 ("Subject Phone C").

This Affiant requests authority to search the electronically stored contents of said property, as further described in Attachment A hereto.

_____
Bridget C. Thomas, Special Agent
Federal Bureau of Investigation


Subscribed and sworn before me this \_\_\_\_\_of September 2005.


_____
United States Magistrate Judge